Filed 11/15/22  P. v. Jimenez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR MANUEL JIMENEZ,<br><br>    Defendant and Appellant. | D080844<br><br><br><br>(Super. Ct. No. FVA018285) |

APPEAL from an order of the Superior Court of San Bernardino County, Mary E. Fuller, Judge. (Retired Judge of the San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2007, Victor Manuel Jimenez was convicted of first degree murder (Pen. Code,[1] § 187, subd. (a)).  The jury also found Jimenez used a deadly

_____

1    All further statutory references are to the Penal Code.

weapon in the commission of the offense. The court sentenced Jimenez to an indeterminate term of 26 years to life.

Jimenez appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Jimenez* (Oct. 6, 2009, D055122).)

In 2022, Jimenez filed a petition for resentencing under section 1170.95 (now renumbered 1172.6).

The court appointed counsel for Jimenez, received briefing, reviewed the record of conviction and held a hearing. At the hearing the court said:

> "It is the Petitioner's responsibility to present sufficient information in his petition to show that he could not be presently convicted of murder or attempted murder because of the changes in the law. [¶] The Court, while I cannot make any factual determinations as to the underlying facts of the case, based on the court's record, the Information that was filed, and the jury instructions that were given, The Court finds that the petitioner has not met his requirements under 1170.95. [¶] And I will deny the request for an order to show cause hearing."

The court denied the petition for resentencing without issuing an order to show cause.

Jimenez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the facts for error as mandated by *Wende*.[2] We offered Jimenez the opportunity to file his own brief on appeal, but he has not responded. The facts of the

---

2    Counsel represents that he has examined the record of conviction and there were no jury instructions on aiding and abetting, felony murder or liability based on the natural and probable consequences theory.

underlying offense are set forth in our prior opinion; we will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the possible issue that was considered in evaluating the potential merits of this case: Whether the trial court erred in denying the petition for resentencing without issuing an order to show cause.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Jimenez on this appeal.

## DISPOSITION

The order denying Jimenez's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

DO, J.

3